Thurman J.
We are of opinion that the complainant shows a sufficient possession to entitle him to maintain a bill quia timet. In Clark v. Hubbard, 8 Ohio, 385, the court, speaking of the statute relating to such bills, said: “ By this section of the law, a complainant, in order to sustain his bill, must show, not only that ho is vested with a legal title, but with the actual possession of the land in controversy.” By this it was not intended to assert that the complainant must himself occupy the land ; for, in considering the cross-bill of Hubbard n. Clark, the court held that Hubbard had the *475 actual possession required by the statute, although the fact was, that the land, or at least some part of it, was in the actual occupancy of his tenants. In the language of the court, “ Hubbard, by himself or tenants,” was in possession.
How is it in the present case ? Thomas does not himself occupy the land, but his vendees, or their assigns, to whom as yet no conveyance has been made, do occupy it. They are in possession claiming title under Thomas, and not adversely to him. Under such circumstances, their possession is his posssssion, so far as the present question is concerned. To- hold otherwise, would to some extent defeat the object of the statute, and might produce serious mischief. Eor a vendee *whohas not acquired the legal title, can not sustain a bill of peace, since no other kind of title will suffice; and if his vendor, who holds that title, can. not have the-bill, because the vendee is in possession, then no one can have it.
It is contended, however, that Thomas’ vendees are not in possession under him. It is said that they were in possession, claiming by tax title, when he sold to them, and that they yet may repudiate their purchases and hold possession adversely to him. To this it is a sufficient answer, that they do not seek to avoid their contracts or to hold adversely. According to the evidence, the contracts are in full force, and they claim under Thomas. "Whether they would be permitted to set up an adverse title, it is unnecessary for us to decide. Nor is it necessary to say whether, strictly speaking, the relation of landlord and tenant exists between him and them. It is sufficient that, under the circumstances, their possession as his vendees, is his possession within the meaning of the statute authorizing bills of peace to be filed.
The next inquiry is, has the complainant the legal title to the land? For he must have both legal title and possession, to main-a bill guia timet. His patent bears date, August 23, 1847. The-patent under which the defendants claim, was issued December 12, 1815. If, therefore, this latter patent covers the land in controversy, and is not void, it is clear that the legal title is not in the-complainant. That it covers the land, there can be no doubt. True, in one particular of the description, there is an error, but the other-particulars are amply sufficient to correct the mistake and identify the land. A misdescription in one or more particulars, is of no consequence, if the residue of the description enables us to correct the error and ascertain the land meant to be conveyed.
*476 Is it void? It is argued that it is, because, as is said, the entry ■upon which it was founded, was void for uncertainty, and hence the patent is also void. But this inference is clearly a non sequitur. Where an entry is made contrary to the proviso in the act of 1807, .and the similar provisos in subsequent acts, not only is the entry void, but also any patent ^issued in pursuance of it. But this results, not from the invalidity of the entry, but from the express provision of these acts that the patent shall be void. But •the case before us is altogether different. The entry under which "the defendants claim, was made in 1799, long before the act of 1807 was passed, and the land in controversy was then vacant. And the only survey of it that had been made prior to the emanation ■of the defendant’s patent, was that upon which that patent issued.
Let it be supposed, then, that the entry was void, does that fact invalidate the patent ? The authorities all answer this question in the negative. No matter what objections exist to an entry or survey other than those specified in the provisos before mentioned; nay, let there be no entry or survey at all, yet if the government issue a patent it operates a transfer of the legal title to the premises described in it. Thus, in Hoofnagle v. Anderson, 7 Wheat. 212, the Supreme Court of the United States decided that a patent appropriated the land it covered, notwithstanding it was issued upon an entry and survey made upon an erroneous warrant; which warrant, the same court had previously decided, in Miller v. Kerr, 7 Wheat. 1, would not sustain an unpatented entry and survey. “ It is not doubted,” said the court, “that a patent appropriates land. Any defects in the preliminary steps, which are required by law, are •cured by the patent. It is a title from its date, and has always been held conclusive against all those whose rights did not commence previous to its emanation. Courts of equity have considered •an entry as the commencement of title, and have sustained a valid entry against a patent founded on a prior defective entry, if issued after such valid entry was made. But they have gone no further. They have never sustained an entry after the date of the patent. They have always rejected such claims. The reason is obvious. A patent appropriates the land it covers; and that land being no longer vacant, is no longer subject to location. If the patent has been issued irregularly, the government may provide means for repealing it; but no individual has a right to *annul it, to consider the land as still vacant, and to appropriate it to himself.”
*477 From this ease, it is obvious that the legal title passed by the-patent under which the defendants claim, and that if the complainant, Thomas, has any rights, they are merely equitable. But an equitable title will not sustain a bill of peace.
The- courts in this state have always followed the decision in Hoofnagle v. Anderson. Thus, in Porter v. Robb, 7 Ohio, 209, the court said : “ After a patent issues, the power of the party over his warrant or location is gone. The entry or location has been made under his direction; he has returned to the government his survey and warrant, and asked for and received a grant vesting in him the-fee of the land granted, whether it was in his entry or not; whether his entry was good or not.”
To tho same effect are Price v. Johnston, 1 Ohio St. 390, and Stubblefield v. Boggs, decided at the present term of this court.
As then, the complainant is not seized of a legal estate, he is not. entitled to an injunction.
We would consider whether he has an equity, entitling him to a release of the legal title, wore it not that the counsel on both sides-have treated the bill as a bill of peace merely, and have argued the case in no other point of view. We may remark, however, lest what we have said might lead to misapprehension, that, as at preseni^advised, we are by'no means prepared to say that the.entry under which the defendants claim was void. That there is an error-in one of its calls is undeniable; but it is quite possible that the other particulars of description contained in it are sufficient to-correct the mistake and identify the land.

Bill dismissed.